UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS GROUP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15 CV 1367 RWS |
| | ) | |
| TF PUBLISHING, INC. and | ) | |
| JIM PURCELL, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

Defendants TF Publishing, Inc. and Jim Purcell filed a motion to quash a subpoena issued by Plaintiff Douglas Group to BMO Harris Bank. On October 17, 2016, Plaintiff served on Defendants a Notice to Take Deposition by Subpoena stating that Plaintiff intended to depose the custodian of records for BMO Harris on November 4, 2016. The discovery deadline in this case was September 27, 2016. Defendants object to Plaintiff scheduling and conducting a deposition and subpoenaing records after the discovery deadline.

I ordered Plaintiff to show cause why I should not construe the motion to quash as a motion to strike and strike the subpoena. On October 31, 2016, Plaintiff responded and moved to extend the discovery deadline to December 31, 2016, so Plaintiff can obtain the financial records they seek from BMO Harris and depose the custodian of records. As Defendant had noted, it appears that on September 7, 2016, the parties agreed to postpone two depositions that were scheduled to take place before the discovery deadline and to

take them after I rule on Defendants' pending motion for summary judgment. Plaintiff asserts that Defendants requested this postponement and that Plaintiff agreed to it because he understood that the parties were agreeing to a general continuation of discovery deadlines to accomplish discovery after the summary judgment ruling.

The parties cannot agree to extend the discovery deadline set in the scheduling order without leave of court. See Fed. R. Civ. P. 16(b)(4). As a result, I will strike the subpoena issued by Plaintiff Douglas Group to BMO Harris Bank and set a hearing to discuss these discovery issues. See Liberty Mutual Fire Ins. Co. v. Centimark Corp., 2009 WL 1702291, at *1 (E.D. Mo. June 16, 2009) (striking a subpoena at plaintiff's request and explaining that although only a third party upon whom a subpoena is served can move to quash the subpoena, any party can oppose an opposing party's late discovery request).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Quash, construed as a motion to strike #[53], is **GRANTED**.

**IT IS FURTHER ORDERED** that a hearing will be held in this matter to discuss the parties' discovery deadline issues on **Monday, November 7, 2016 at 1:30 p.m.** in Courtroom 16-South.

*[Signature]*
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of November, 2016.

2